**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| D2 PHARMA CONSULTING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH MARK ENGELS and UNHA ENGELS, AND WORKUP, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

**D2 PHARMA CONSULTING'S MOTION TO VACATE ARBITRATION AWARD**

D2 Pharma Consulting LLC, through undersigned counsel, moves to vacate the Final Award entered on July 15, 2026, by Arbitrator Honorable Ronnie L. White (the "***Arbitrator***") in favor of Kenneth Engels, Unha Engels ("the ***Engels***"), and WorkUp, Inc. ("***WorkUp***") (collectively, "***Claimants***") pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(4), for exceeding his powers.

1. This case arises from an arbitration concerning a Settlement Agreement between D2 and WorkUp under which D2 agreed to issue membership units to Kenneth and Unha Engels and provide those units with certain anti-dilution protection.

2. The Federal Arbitration Act permits vacatur where "the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). An arbitrator exceeds his powers when he or she ignores the plain language of a contract or identifies controlling law and then disregards it. *Zeidman v. Lindell Mgmt. LLC*, 145 F.4th 820, 826-28 (8th Cir. 2025).

3. First, the Arbitrator expressly recognized Missouri law requiring contracts to be interpreted according to their plain language and acknowledged Section 33 of the Settlement

Agreement, which provides that non-parties may not obtain any "rights or remedies" under the Agreement.

4. The Arbitrator nevertheless awarded compensatory damages, attorneys' fees, and interest to the Engels, who were undisputedly non-parties, without identifying any interpretation of Section 33 that would permit that result.

5. Second, the Arbitrator repeatedly recognized that evidence of the fair market value of the Engels' units could only be established through expert opinion, even if that opinion was based on the "interpretation, selection, and/or judgment" of D2's documents.

6. After excluding all valuation evidence on this specific basis, however, the Arbitrator awarded more than $637,000 in damages based entirely on a valuation theory first raised in post-hearing briefing through counsel's interpretation of D2's documents. Having identified and enforced the governing law on both issues throughout the proceeding, the Arbitrator exceeded his powers by disregarding that same law when issuing the Final Award.

WHEREFORE D2 respectfully requests that this Court vacate the Arbitrator's Final Award and for all other relief the Court deems fair and just

Respectfully submitted,

CARMODY MacDONALD P.C.

By: *_/s/ David P. Stoeberl_*
David P. Stoeberl, #46024
Tyler C. Schaeffer, #60847
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
dps@carmodymacdonald.com
tcs@carmodymacdonald.com

Attorneys for D2 Pharma Consulting LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ *David P. Stoeberl*