Exhibit
4

**JAMS ARBITRATION**

| | | |
|---|---|---|
| KENNETH MARK ENGELS and UHNA ENGELS<br><br>Claimants,<br><br>v.<br><br>D2 PHARMA CONSULTING, LLC, n/k/a D2 SOLUTIONS HOLDCO LLC,<br><br>Respondent. | ) | Case No. 5335000098 |

**<u>RESPONSE TO STATEMENT OF CLAIM AND JURISDICTIONAL CHALLENGE</u>**

Respondent D2 Pharma Consulting, LLC[1] ("***D2 Pharma***"), by and through its undersigned attorneys, and for its Response to the Statement of Claim submitted by Kenneth Mark Engels and Uhna Engels (collectively, "***Claimants***"), states as follows:

**<u>GENERAL DENIAL</u>**

1. D2 Pharma hereby denies each and every allegation set forth in the Claimants' Statement of Claim.

2. Further answering, and as set forth in more detail below, D2 Pharma denies that attorney's fees are recoverable in this action because Claimants are not entitled to assert any rights or remedies under the December 30, 2020 Settlement Agreement attached as Exhibit A to Claimants' Statement of Claim ("***Settlement Agreement***"). Subject to and without waiving the foregoing, in the event that the Arbitrator determines that the parties to this arbitration may enforce the terms of the Settlement Agreement against each other, D2 Pharma is entitled to its costs and reasonable attorney's fees pursuant to Section 24 of the Settlement Agreement.

---

[1] Claimants have incorrectly named Respondent as being now known as "D2 Solutions Holdco, LLC". Respondent's correct name is D2 Pharma Consulting, LLC.

**JURISDICTIONAL CHALLENGES AND AFFIRMATIVE DEFENSES**

Further answering, D2 Pharma asserts the following jurisdictional challenges and affirmative defenses:

1. D2 Pharma objects to Claimants' attempt to assert any rights or remedies under or by reason of the Settlement Agreement, in that Section 33 thereof expressly provides that "[n]othing expressed or implied in th[e] Agreement is intended or shall be construed to confer upon or give any person ***other than the Parties hereto*** any rights or remedies under or by reason of this Agreement or any transaction contemplated hereby." (Emphasis added). The Settlement Agreement at issue was entered into by and between D2 Pharma and WorkUp, Inc., who are appropriately defined therein as the sole "Parties." Claimants are not "Parties" to the Settlement Agreement and, pursuant to Section 33, are therefore expressly barred from asserting any rights or remedies under it.

Accordingly, Claimants are precluded from, among other things, (a) recovering attorney's fees under Section 24 of the Settlement Agreement (which is also limited by its terms to only the "parties" to the Settlement Agreement) and (b) compelling D2 Pharma to arbitrate any particular claims pursuant Section 30 of the Settlement Agreement. D2 Pharma therefore denies that the Settlement Agreement affords JAMS, or any arbitrator, jurisdiction to adjudicate the claims and requests for relief raised in the Statement of Claim.

Nonetheless, D2 Pharma voluntarily consents to JAMS exercising jurisdiction over the claims relating to Requests for Relief Nos. 1, 2, 3, 4, 5, and 7, but does not consent to JAMS exercising jurisdiction over Request for Relief No. 6, which asks the Arbitrator to order D2 Pharma to provide certain financial statements pursuant to Claimants' status as members of D2 Pharma. The remedy sought through Request for Relief No. 6 is separate and distinct from the remainder

of the requests for relief asserted in the Statement of Claim, in that it arises from and relates to D2 Pharma's Sixth Amended and Restated Operating Agreement (the "***Sixth Operating Agreement***"), which is referenced by Claimants in their request and is attached hereto and incorporated as **Exhibit 1**. The Sixth Operating Agreement does not contain an arbitration clause. In addition, the arbitration clause of the Settlement Agreement is inapplicable to Claimants or their claims as explained above, but even it were, it is not so broad as to ever encompass claims under the Sixth Operating Agreement. For these reasons, D2 Pharma objects to any exercise of jurisdiction by JAMS over any claims relating to any claim arising out of or relating to the Sixth Operating Agreement.

In short, the Settlement Agreement does not provide JAMS with jurisdiction to arbitrate this proceeding, but D2 Pharma consents to jurisdiction with respect to Requests for Relief Nos. 1, 2, 3, 4, 5, and 7. Request for Relief No. 6, jurisdiction for which D2 Pharma does not consent to, must therefore be dismissed.

**D2 Pharma hereby requests a briefing schedule be implemented regarding this jurisdictional issue upon the appointment of an Arbitrator.**

2. Further answering, Claimants' claims and requests for relief are barred to the extent they have failed to join a necessary and indispensable party to this proceeding, particularly WorkUp, Inc.

WHEREFORE, Respondent D2 Pharma requests that the Arbitrator dismiss the allegations and claims relating to Request for Relief No. 6 for lack of jurisdiction, exercise jurisdiction over the remainder of the dispute by the consent of the parties, award D2 Pharma its costs incurred herein, and for such other and further relief as the Arbitrator deems just and proper under the circumstances.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ David P. Stoeberl
David P. Stoeberl, #46024
Ryan M. Prsha, #70307
120 South Central Avenue, Suite 1800
St. Louis, MO 63105-1705
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
dps@carmodymacdonald.com
rmp@carmodymacdonald.com

*Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 3, 2023, a true and accurate copy of the foregoing was filed electronically with JAMS to be served by operation of their electronic filing system upon all counsel of record.

/s/ David P. Stoeberl