Exhibit

5

exhibitsticker.com

**JAMS ARBITRATION**

| | | |
|---|---|---|
| KENNETH MARK ENGELS, UNHA ENGELS, and WORKUP, INC., | ) | |
| Claimants, | ) | Case No. 5335000098 |
| v. | ) | |
| D2 PHARMA CONSULTING, LLC, n/k/a D2 SOLUTIONS HOLDCO LLC, | ) | |
| Respondent. | ) | |

**RESPONSE AND AFFIRMATIVE DEFENSES TO AMENDED STATEMENT OF CLAIM**

Respondent D2 Pharma Consulting, LLC[1] ("***D2 Pharma***"), by and through its undersigned attorneys, and for its Answer and Affirmative Defenses to the Amended Statement of Claim submitted by Kenneth Mark Engels, Unha Engels, and WorkUp, Inc. (collectively, "***Claimants***"), states as follows:

**GENERAL DENIAL AND CLAIM FOR COSTS AND EXPENSES**

1. D2 Pharma hereby denies each and every allegation set forth in the Claimants' Statement of Claim.[2]

2. Pursuant to Section 24 of the December 30, 2020 Settlement Agreement by and between D2 Pharma and WorkUp (the "Settlement Agreement"), D2 Pharma is entitled to recover any costs and expenses, inclusive of attorneys' fees, incurred in defending this matter. D2 Pharma has and continues to incur costs and expenses, including attorneys' fees, in the defense of this

---

[1] Claimants have incorrectly named Respondent as being now known as "D2 Solutions Holdco, LLC". Respondent's correct name is D2 Pharma Consulting, LLC.

[2] In light of the Arbitrator's July 27, 2023 Order, Claimants' request for relief relating to D2 Pharma's internal financial reporting is no longer part of this proceeding. It is therefore not addressed in either the Brief Statement of Respondent's Position or the Affirmative Defenses set forth below.

matter. D2 Pharma prays for an award of these costs, expenses and fees, and will provide the Arbitrator an accounting of these costs, expenses and fees, should they be awarded.

**BRIEF STATEMENT OF RESPONDENT'S POSITION**

In addition to its general denial of the allegations and claims set forth in the Amended Statement of Claim, D2 Pharma submits the following brief statement of its position:

Kenneth Engels and Unha Engels (collectively, the "Engels") each became owners of 3.5% of D2 Pharma by way of the Settlement Agreement between D2 Pharma and their company, WorkUp, to resolve a separate dispute. The crux of Claimants' overarching allegations in this proceeding is that D2 Pharma diluted the Engels' ownership – purportedly in contravention of various provisions of the Settlement Agreement. But even a cursory assessment of the actions complained of, in conjunction with the plain language of the Settlement Agreement itself, clearly refutes the Claimants' assertions and renders their requests for relief erroneous.

Indeed, the Settlement Agreement stipulates that the Engels' ownership interest could not be diluted by a specific $8 million "Initial Capital Raise" that had been contemplated by D2 at the time, but only if that particular capital raise occurred within six months of the execution of the agreement. The Settlement Agreement does not provide the Engels any other anti-dilution protection.

The "Initial Capital Raise" ultimately did not occur in the six-month time period delineated in the agreement. Nor were there any capital raises during that period. There were, however, various service-related equity issuances during that time – wholly unrelated to the Initial Capital Raise – that Claimants now take issue within their pleading. Because the plain language of the Settlement Agreement does not protect the Engels' ownership from any dilution event other than

the specific "Initial Capital Raise" identified in the Settlement Agreement,[3] the service-related equity issuances diluted the Engels' shares. Such dilution does not constitute a breach of the Settlement Agreement and the claims asserted in this arbitration must therefore fail.

**AFFIRMATIVE DEFENSES**

Further answering, D2 Pharma asserts the following affirmative defenses:

1. D2 Pharma objects to the Engels' attempt to assert any rights or remedies under or by reason of the Settlement Agreement, in that Section 33 thereof expressly provides that "[n]othing expressed or implied in th[e] Agreement is intended or shall be construed to confer upon or give any person ***other than the Parties hereto*** any rights or remedies under or by reason of this Agreement or any transaction contemplated hereby." (Emphasis added). The Settlement Agreement at issue was entered into by and between D2 Pharma and WorkUp, Inc., who are appropriately defined therein as the sole "Parties." The Engels are not "Parties" to the Settlement Agreement and, pursuant to Section 33, are therefore expressly barred from asserting any rights or remedies under it in their individual capacities.

2. D2 Pharma reserves the right to supplement its affirmative defenses as additional information becomes available over the course of this proceeding.

WHEREFORE, Respondent D2 Pharma requests that the Arbitrator dismiss the remaining claims and requests for relief against D2 Pharma, award D2 Pharma its costs and expenses, including its attorney's fees incurred herein, and for such other and further relief as the Arbitrator deems just and proper under the circumstances.

[3] The Settlement Agreement does not protect the Engels from service-related equity dilution in any capacity.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ David P. Stoeberl

David P. Stoeberl, #46024
Ryan M. Prsha, #70307
120 South Central Avenue, Suite 1800
St. Louis, MO 63105-1705
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
dps@carmodymacdonald.com
rmp@carmodymacdonald.com

Attorneys for Respondent

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 14, 2023, a true and accurate copy of the foregoing was filed electronically with JAMS to be served by operation of their electronic filing system upon all counsel of record.

/s/ David P. Stoeberl