Exhibit
12

**IN THE MATTER OF:**

**Kenneth Engels, et al.,**

**Claimant**

**vs.** **CASE NO. 5335000098**

**D2 Pharma Consulting LLC, n/k/a,**
**D2 Solutions HoldCo, LLC,**

**Respondent.**

# REPORT OF PRELIMINARY HEARING AND PROCEDURAL ORDER NO. 6

A preliminary conference was conducted on March 24, 2025 with Arbitrator White; the following order is made respecting the conduct of this arbitration:

1. Parties and Counsel. The parties to this arbitration are identified in the caption and are represented as follows:

   A. For Claimant
      1. Todd R. Legon, Esq.
      2. William F. Rhodes, Esq.

   B. For Respondent
      1. David P. Stoeberl, Esq.
      2. Tyler C. Schaeffer, Esq.
      3. Ryan M. Prsha, Esq.

2. Arbitrator. The parties have appointed as sole arbitrator:

   Hon. Ronnie L. White (Ret.)
   JAMS
   190 Carondelet Plaza, Suite 1450
   Clayton, MO 63105
   314-334-5267
   rwhite@jamsadr.com

3. Case Manager:

Hayley Prager
JAMS
190 Carondelet Plaza, Suite 1450
Clayton, MO 63105
314-326-4769 (direct)
hprager@jamsadr.com

4. Agreement to Arbitrate.

The parties are party to an arbitration agreement.

5. Applicable Law and Rules.

The Arbitrator shall apply the Federal Arbitration Act. The applicable substantive law is the law of the State of ___Missouri_______. JAMS ____Comprehensive_____ Arbitration Rules and Procedures ("Rules") shall apply to this proceeding.

6. Claims of the Parties and Arbitrability.

Claimant initially filed a Demand for Arbitration on or about _____December 7, 2022______. Claimants' claims are set forth in their Third Amended Revised Statement of Claim dated April 2, 2025, asserting six claims in Counts I-VI. On July 1, 2025, the Arbitrator entered Order No. 5 re Respondent's Jurisdictional Challenge to Counts IV, V, and VI of the Third Amended Revised Statement of Claim in which the Arbitrator dismissed Counts IV and VI of the Third Amended Revised Statement of Claim on the grounds that the Arbitrator lacks subject matter jurisdiction over those claims and dismissed Count VI without prejudice based on Claimants' voluntary dismissal of that claim. Among other things, in the remaining Counts I, II, and III in the Third Amended Revised Statement, Claimants allege that their equity interests in D2 Pharma Consulting LLC were improperly diluted in violation of the Settlement Agreement between the parties, and that they were fraudulently induced into the Settlement Agreement. Respondents filed a Response to the Demand on _____April 9, 2025_______. Counts I, II, and III in the Third Amended Revised Statement of Claim are arbitrable.

7. Discovery

a) The parties shall comply with Rule 17(a), if they have not yet done so already, and shall produce all responsive documents to outstanding document requests, by ____August 22, 2025_____, may exchange any further requests for documents on or after ____August 29, 2025______, and shall respond to any Request and produce all responsive, non-privileged documents within 20 days of service of the Request.

b) Counsel have met and conferred and established a discovery plan for the taking of depositions per Rule 17(b), which is further provided below. Parties have

already agreed to and are bound by the Stipulated Protective Order entered on December 15, 2023.

c) The Arbitrator shall resolve all discovery disputes in accordance with the Rules.

d) Depositions.

i. Depositions shall be limited to a single day and shall not exceed 7 hours per deponent.

ii. Per Rule 17(b) and agreement of the Parties, each Party is entitled to take one deposition of an opposing Party or of one individual under the control of the opposing Party, plus Claimants collectively and Respondent may each take one additional deposition of a non-party to the extent that such deposition of a non-party is permitted by the rules of arbitration and/or consented to by the non-party. Nothing in this Order shall be construed as either Party consenting to or taking a position that a non-party may be compelled by compulsory process to attend a deposition in this arbitration matter or that a Party has consented to assisting the other Party in obtaining the deposition of a non-party.

iii. Per Rule 17(b), the necessity of additional depositions shall be determined by the Arbitrator based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing Parties and the witness.

iv. Any deposition may be taken or defended by counsel in person or via Zoom or comparable videoconferencing technology, but without any obligation for the witness to travel more than 20 miles from their primary residence for a deposition.

e) Expert Discovery:

i. Parties shall disclose any experts whom that Party intends to offer opinions at the Hearing on issues on which that Party bears the burden of proof by October 3, 2025. The Parties are limited to one expert per specialty.

ii. Deposition of disclosed expert(s) shall occur by October 17, 2025.

iii. Parties shall disclose any rebuttal experts whom that Party intends to offer opinions on issues on which that Party does not bear the burden of proof by November 14, 2025.

iv. Deposition of disclosed rebuttal expert(s) shall occur by December 12, 2025.

v. In addition to all other rights, Parties shall have the right to take the deposition of any person disclosed as an expert or rebuttal expert.

vi. Disclosure of experts and rebuttal experts as permitted under this section within the prescribed deadlines requires:

1. for non-retained experts, disclosure of (*i*) the name, address, and employer of the expert; (*ii*) subject matter on which the expert is expected to present evidence; (*iii*) a summary of facts and opinions to which the witness is expected to testify; and (*vi*) any written report that expert intends to offer at the Hearing; and

2. for retained experts, disclosure of written statement containing (*i*) a complete statement of all opinions the witness will express and the basis and reasons for them; (*ii*) the facts or data considered by the witness in forming them; (*iii*) any exhibits that will be used to summarize or support them; (*iv*) the witness's qualifications, including a list of all publications authored in the previous 10 years; (*v*) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (*vi*) a statement of the compensation to be paid for the study and testimony in the case.

v. Expert opinions disclosed within these timeframes may be supplemented after the above-mentioned disclosure deadlines only upon a showing that the modification in opinion is based solely on information that did not exist or was not reasonably available to the expert at the time of the relevant deadline.

8. <u>Exchange of Information</u>.

a) The parties shall exchange all documentary evidence, including reports of experts they intend to offer at the Hearing, excepting only documents to be offered solely for impeachment, not later than ___January 12, 2026_________. These document designations may be supplemented by __January 19, 2026__________. [30 days and 23 days, respectively, prior to the first hearing date]

b) Counsel shall identify all non-rebuttal percipient and expert witnesses expected to testify at the Hearing and shall indicate the manner in which each witness is

expected to testify (in-person, telephonically or by video conference or by affidavit or declaration), not later than ___January 12, 2026_________. These witness designations may be supplemented by __January 19, 2026__________. [30 days and 23 days, respectively, prior to the first hearing date].

c) Counsel shall file on the first hearing day a Joint Witness List including all witnesses expected to testify at the Hearing, in the approximate order in which they are anticipated to be called.

d) The purpose of the exchanges in this paragraph is to provide fair notice to the parties of documents and witnesses expected to be offered at the Hearing. Witnesses or documents not identified in accordance with these provisions will not be permitted to be offered at the hearing except on a showing of good cause, and particularly a showing as to why they were not so identified.

9. <u>Hearing Procedure</u>.

The Hearing shall be conducted on _______February 9-12, 2026________ at the St. Louis Resolution Center of JAMS.

Hearings shall commence each day at 9:00 a.m. The parties are encouraged to stipulate to agreed or uncontested facts and shall provide any stipulation to the Arbitrator at the commencement of the hearing in hard copy and electronic form (formatted to "Word").

A Final Status Conference shall be conducted telephonically on January 26, 2026 at 10:00 a.m. CST [appx. 10 days prior to hearing]; an agenda for the conference shall be provided a few days in advance of that date. Parties will work in good faith to prepare and file a pre-hearing stipulation of undisputed facts and issues by no later than January 26, 2026.

a) <u>Bifurcation of Issues</u>. The issues of the amount of attorney's fees and costs or punitive damages to which any party may be entitled pursuant to the applicable law shall be bifurcated and determined subsequent to the Hearing. The entitlement, if any, to such an award shall be determined as part of the Hearing.

b) Prehearing briefs may be filed not later than January 20, 2026.

c) Hearing exhibits shall be pre-marked with consecutive Arabic numerals and a Joint Exhibit List shall be prepared not later than the first day of the Hearing. The parties shall indicate on the Joint Exhibit List any objection to the introduction of any exhibit. The Joint Exhibit List and objections shall be furnished to the Arbitrator at the commencement of the hearing. Exhibits not objected to shall be deemed admitted at the commencement of the hearing. One set of exhibits shall be prepared for the Arbitrator and one for the witnesses in addition to copies for counsel. The Arbitrator also prefers to receive a copy of all exhibits in electronic form as described below. All exhibits will be

discarded 30 days after the issuance of the Final Award unless a party requests, in writing, that the exhibits be retained or returned.

d) Form of electronically submitted Exhibits: Exhibits shall be provided to the Arbitrator on flash drive(s) in the following .pdf format:

- Adobe Acrobat XI Standard (or later version)
- Searchable multi-page .pdf files,
- No password restrictions to access the document(s),
- Document Restriction for 'Printing' is set to 'Allowed,'
- Document Restriction for 'Changing the Document' is set to 'Allowed,'
- Document Restriction for 'Document Assembly' is set to ''Allowed,'
- Document Restriction for 'Content Copying or Extraction' is set to 'Allowed,'
- Document Restriction for 'Content Extraction for Accessibility' is set to 'Allowed,'
- Document Restriction for 'Commenting' is set to 'Allowed.'

e) If a party intends to utilize the services of a court reporter at the hearing, notice of that intention shall be given to the other side not later than ___February 2, 2026____. [7 days prior to the first hearing date]

f) Award. The Interim and Final Awards shall be prepared in accordance with the Agreement, and the Rules.

10. Miscellaneous.

a) Cancellation Fee. The parties will be requested to deposit fees for the scheduled hearing ___30___ days in advance of the commencement of the hearing. If the hearing is cancelled within _30__ days of the hearing date for any reason the deposit for the canceled days shall be deemed a cancellation fee and shall be immediately payable. Deposited fees shall be refunded for days which are rebooked to the extent of fees earned on those days.

b) **JAMS Electronic Filing (JAMS ACCESS)**.

i. All documents filed in this matter shall be submitted electronically through the JAMS Electronic Filing System ("JAMS Access") which can be accessed through the JAMS website or directly at www.access.jamsadr.com. All discovery documents, other than document productions, shall be served electronically through JAMS Access. Unless otherwise instructed or included as part of a JAMS filing, the parties shall serve discovery documents on counsel only (and not on the arbitrator) by utilizing the 'Classification – Exclude Neutrals' functionality on the upload screen.

ii. Other documents relating to the case, such as correspondence between counsel, may be transmitted through JAMS Access.

iii. The electronic file for this matter will be made accessible to JAMS personnel, the arbitrator(s), claimant counsel, and respondent counsel. Counsel may also request that their client(s) and other attorneys and/or professional staff members from their firm be provided access. Requests regarding additional attorneys shall be made to the Case Manager. Other users may be added by counsel as soon as they are registered on JAMS Access.

iv. There are no additional fees to use JAMS Access.

v. For questions regarding support or technical issues related to JAMS Access, contact the Case Manager. Please review the JAMS Rules relating to e-filing and e-service for further information.

vi. (Hearing exhibits are the only documents not lodged on JAMS ACCESS--these will be submitted on a thumb drive, consistent with the instructions provided in ¶ 8(f) and (g), infra above.)

vii. When filing large documents, particularly those with numerous tabbed exhibits, it is best practice separately to provide a mailed hard copy to the Arbitrator.

viii. Counsel shall arrange with the Case manager to register for JAMS Access within seven days of the date of this order.

c) All deadlines herein shall be strictly enforced. This Order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

DATED: August 8, 2025

*_/s/ Ronnie L. White_*
Hon. Ronnie L. White (Ret.)
JAMS Arbitrator