Exhibit
13
exhibitsticker.com

**JAMS ARBITRATION**

| | | |
|---|---|---|
| KENNETH MARK ENGELS and UNHA ENGELS, and WORKUP, INC. | ) | |
| | ) | |
| Claimants, | ) | |
| | ) | Case No. 5335000098 |
| v. | ) | |
| | ) | |
| D2 PHARMA CONSULTING, LLC, n/k/a D2 SOLUTIONS HOLDCO LLC, | ) | |
| | ) | |
| Respondent. | ) | |

**DEFENDANT D2 PHARMA CONSULTING, LLC'S MOTION TO STRIKE CLAIMANTS' UNDISCLOSED VALUATION EXPERT OPINION**

Claimants failed to disclose any expert opinion, and the deadline to do so under the parties' agreed Scheduling Order[1] has expired. Yet, at his deposition on January 7, 2026, testifying both individually and as WorkUp, Inc.'s corporate representative, Kenneth Engels[2] revealed for the first time that Claimants will ask the Arbitrator to award damages based on what he claims is the value of the Engels' 7% of D2's units as of January 1, 2021. Mr. Engels readily concedes he is not a valuation expert. Undeterred, Mr. Engels intends to offer that the valuation of his and his wife's units are worth $3,460,100 based on his uninformed review of D2's audited financials and the Engels' K-1 tax documents.

Valuing a closely held business is not within the knowledge of a lay person under Missouri law and requires expert testimony. Despite requesting and receiving additional time to disclose their damages expert's opinions, Claimants abandoned him and disclosed none other. With all expert deadlines now closed for both sides, Claimants revealed – one month before the hearing – that they plan to offer a homespun valuation of their units through Mr. Engels.

[1] The Scheduling Order is titled "Report of Preliminary Hearing and Procedural Order No. 6."
[2] The parties have stipulated that Uhna Engels is not testifying at the hearing so Mr. Engels is the only party testifying for Claimants in this matter.

The Scheduling Order had deadlines for the disclosure of any opinion testimony and related deadlines for Respondent to provide rebuttal opinions. Claimants sought no relief from the former and have now foreclosed the latter. In a further effort to sandbag Respondent, Claimants waited until the supplemental exhibit deadline (January 19, 2026) to lob in all the exhibits Mr. Engels purports to rely upon. And, compounding the belated nature of Claimants' proffered valuation opinion, even in their Pre-Hearing Brief filed on January 20, 2026, Claimants have shifted their own valuation analysis, stating that they are now relying on a different valuation of the company under which the Engels' units are purportedly worth $3,220,000, and apparently not the $3,460,100 valuation Mr. Engels testified to a few weeks earlier.

Stated another way, Claimants' valuation opinion itself is facially unqualified, too late and prejudicial to D2. For these reasons, D2 respectfully requests that the Arbitrator strike Mr. Engels' newly minted valuation opinion, or any other valuation opinion at this late stage.

**Argument**

"When a fact at issue is so technical or complex that no fact finder could resolve the issue without expert testimony, expert testimony is 'necessary' and, therefore, required." *Stone v. Missouri Dept. of Health & Senior Services*, 350 S.W.3d 14, 21 (Mo. banc 2011). Under Missouri law, the valuation of a business or portion of a business is beyond the understanding of ordinary lay person and necessitates expert testimony. *See, e.g., 8000 Maryland, LLC v. Huntleigh Fin. Services Inc.*, 292 S.W.3d 439, 446 (Mo.App.E.D. 2009); *Schreibman v. Zanetti*, 909 S.W.2d 692, 697 (Mo.App.W.D. 1995).

Under the Scheduling Order, Claimants were required to disclose all experts, retained and non-retained, for issues on which they bear the burden of proof, including damages, by October 3, 2025. (Scheduling Order ¶ 7(e)(vi).) Their disclosures were required to include, for retained

experts, "a complete statement of all opinions the witness will express and the basis and reasons for them," and for non-retained experts, "a summary of facts and opinions to which the witness is expected to testify."[3]

On October 3, 2025, Claimants identified Andrew R. Kaplan, CPA, MAFF, as their "damages expert," but provided no opinions, claiming they first needed unredacted versions of D2's general ledger and bank records. On December 3, 2025, the Arbitrator ordered D2 to produce the unredacted documents and granted Claimants fourteen days after the production to serve Mr. Kaplan's report. D2 produced the unredacted documents on December 9, 2025. To date, Claimants have served no expert report or summary of opinions from Mr. Kaplan, or any other expert.

On January 7, 2026, Mr. Engels testified in his deposition that Claimants seek what he believes to be the entire value of the Engels' 7% ownership in D2 as of January 1, 2021. Mr. Engels testified that the value of his and his wife's 7% ownership on that date was $3,460,100. In their Pre-Hearing Brief, with the ability for D2 to re-depose Claimants now foreclosed, they changed the valuation to $3,220,000.

Claimants' exclusive remedy sought in this arbitration is a forced buyout of all their units and attorneys' fees. As discussed in D2's Pre-Hearing Brief, Claimants' request for a forced buyout is not an available remedy for the simple breach-of-contract claim that remains in this arbitration nor is it within the jurisdiction of this arbitration. Equally problematic, Claimants disclosed no valuation expert. Instead, Mr. Engels proposes to rely on his own untutored and evolving review of a handful of documents and financials cherry-picked by him. Based on that,

---

[3] The expert disclosures agreed to by the Parties and incorporated in the Scheduling Order mirror those contained in Federal Rule of Civil Procedure 26.

he claims the Engels' units were worth $3,460,100 on January 1, 2021, or maybe $3,220,000 – depending on whether D2 is to rely on Mr. Engels' deposition testimony or the statements Claimants made in their Pre-Hearing Brief.

Mr. Engels' valuation is a matter of expert opinion, not lay testimony. Respondent suspects that Mr. Engels may claim that his opinion isn't really his own because he is relying upon documents produced by Respondent. This argument fails.

Parties are not permitted to evade expert disclosure requirements by belatedly pointing to documents produced in the case that are claimed to contain the relevant expert opinions, as Claimants attempt to do here. In *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018), the court held that a party who failed to properly disclose a treating physician's opinions under a Rule 26 disclosure could not offer the treating physician's expert opinions into evidence merely because medical records "containing facts and opinions" of the physician had been produced in discovery.

Expert disclosure rules exist to give fair notice of the expert opinions to be offered in a case so the opposing party can prepare. Claimants agreed to those rules and then abandoned their right to disclose an expert opinion on damages, even after requesting and obtaining additional time to do so. Claimants' belated pivot is not harmless as the time to disclose expert opinions has closed and the hearing is in less than a month. Allowing new valuation opinions on the eve of the hearing – and as recent as Claimants' Pre-Hearing Brief – would reward Claimants' noncompliance, prejudice D2, and undermine the orderly process the agreed-upon Scheduling Order was implemented to establish.

WHEREFORE, D2 respectfully requests an order (1) precluding Claimants from introducing opinion testimony or evidence concerning the valuation of the Engels' units, whether

through Mr. Engels or otherwise, (2) striking Claimants' undisclosed expert opinions as to the valuation of the Engels' units in their entirety, and (3) for such other relief as the Arbitrator may deem just.

Respectfully submitted,

CARMODY MacDONALD P.C.

By: /s/ *David P. Stoeberl*

David P. Stoeberl, #46024
Tyler C. Schaeffer, #60847
Ryan M. Prsha, #70307
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
dps@carmodymacdonald.com
tcs@carmodymacdonald.com
rmp@carmodymacdonald.com

Attorneys for Respondent

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 20, 2026, a true and accurate copy of the foregoing was filed electronically with JAMS to be served by operation of their electronic filing system upon all counsel of record.

/s/ *David P. Stoeberl*