Exhibit
14

JAMS

| | | |
|---|---|---|
| Kenneth Engels, et al., | ) | |
| | ) | |
| Claimants, | ) | |
| | ) | |
| v. | ) | JAMS # 5335000098 |
| | ) | |
| D2 Pharma Consulting, LLC n/k/a D2 Solutions HoldCo LLC, | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Respondent has brought a Motion to Strike Claimants' Undisclosed Valuation Expert Opinion[1] if Claimant Kenneth Engels offers testimony related to valuation of Claimants' units during the upcoming Final Hearing. Claimants oppose Respondent's Motion.[2] Claimants subsequently brought a Motion in Limine to Exclude Parol Evidence regarding interpretation of the parties' Settlement Agreement.[3] Respondent promptly submitted its Opposition to Claimants' Motion in Limine.[4] Claimants further filed a purported Response to Respondent's Pre-Hearing Brief wherein Claimants request the Arbitrator to "take notice" of an early order issued in this proceeding by the previous Arbitrator, and of conduct during the discovery process. This Order pertains to all relief requested by the parties.

---

[1] Doc. No. 1522692.
[2] Doc. No. 1527569.
[3] Doc. No. 1528775.
[4] Doc. No. 1532254.

## *I. Relevant Procedural Background*

The arbitral proceeding remains governed by Procedural Order No. 6[5] scheduling the Final Hearing to occur on February 9-12, 2026.

On January 20, 2026, Respondent filed a Motion[6] to Strike Claimants' Undisclosed Valuation Expert Opinion. Respondent stated that during the January 7, 2026 fact deposition of Claimant Kenneth Engels, Respondent became aware that Mr. Engels intends to offer his opinion, based on his review of Respondent's audited financial records produced in discovery and Claimants' own K-1 tax documents, regarding the valuation of Claimants' units. Respondent states that Mr. Engels, however, also readily concedes he is not a valuation expert.

Respondent argues that the disclosure of any expert(s) opinion testimony including on damages is now foreclosed according to the procedural orders governing this Arbitration: Claimants disclosed Mr. Andrew R. Kaplan as their damages expert, but did not disclose Mr. Engels as an expert, by the operative deadline of October 3, 2025, neither did Claimants did request another extension of said deadline. Respondent further argues that Claimants' Pre-Hearing Brief states that Claimants now rely on a new valuation analysis and shift to a new valuation of their company. Respondent argues that Mr. Engels proffered opinion on valuation is lay opinion, not expert testimony for which Mr. Engels is unqualified and to which Respondent had not had the opportunity to rebut, would reward Claimants' flouting of the agreed upon Arbitration schedule and prejudice Respondent.

[5] Doc. No. 1327894.

[6] *See* fn. 1.

Respondent requests that Claimants be precluded from introducing opinion testimony or evidence concerning the valuation of the Engels' units, whether through Mr. Engels or otherwise, strike Claimants' undisclosed expert opinion(s) as to the Engels' units in their entirety, and such other relief as the Arbitrator may deem just.

Claimants responded in opposition to Respondent's Motion on January 23, 2026. Claimants argue that Respondent's Motion to Strike is premised on false characterizations of fact and law. Claimants stated that Mr. Engels' proffered testimony is not expert testimony but simple arithmetic based on audited financial records as Mr. Engles simply multiplied the disclosed value of Respondent's company, from Respondent's own documents, by the amount of Claimants' ownership percentage as defined in Section 10 of the parties' Settlement Agreement.

Claimants argued that even if applicable, Federal Rule of Evidence ("FRE") 702 allows a lay witness to offer a limited opinion when (a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Claimants state that Mr. Engels is not offering an expert opinion, but rather, an admissible lay opinion based on his own review of Respondent's documents.

Claimants asserted that Mr. Engels "did not perform an independent valuation or apply specialized methodology; he read and relied on Respondent's disclosures and market transactions as they appear on their face." Claimants argue that "[n]o causation analysis, scientific inference, or specialized methodology is involved in reading a contemporaneous K-1, reviewing an audit note, or referencing a transaction valuation, and then performing basic calculations based on those figures."

Claimants also argued that Respondent's Motion does not prejudice Respondent since any testimony offered relies solely on Respondent's own documents which remain independently admissible as evidence, and state that Respondent seeks an advisory ruling which would yet not dispose of Claimants' damages case but serve "only to obscure the merits" of the case.

Claimants request that Respondent's Motion be denied.

On January 25, 2026, Claimants brought a Motion in Limine to Exclude Parol Evidence. Claimants argued that in its Pre-Hearing Brief, Respondent altered its defensive posture from the parties' "shared understanding" of the dispute as rooted in interpretation of the Settlement Agreement, invoking the "plain language of the Settlement Agreement," to now seeking to insert ambiguity by invoking extrinsic evidence such as letters of intent and negotiation history. Claimants stated that "[t]his shift goes beyond the textual interpretation Respondent represented as its defense and improperly diverts attention away from the Settlement Agreement's express language through reliance on parol evidence, in violation of settled contract principles and JAMS procedures."

Claimants assert that "[r]espondent reaches for pre-Settlement letters of intent and negotiation history precisely because those materials predate—and therefore do not contain—the operative language added to the final Settlement Agreement, including the "for the avoidance of doubt" provision fixing Claimants' ownership during the Initial Capital Raise." Further, Claimants assert that Respondent's "reliance on extrinsic, ephemeral recollections is an impermissible effort to displace the Settlement Agreement's final, negotiated text with earlier documents and memories that were superseded by the written agreement—language drafted, revised, and adopted by Respondent itself." Claimants cite the Settlement Agreement's merger clause:

> 35. **<u>Entire Agreement</u>.** This Agreement, including the other documents referred to herein, contains <u>the entire understanding</u> of the Parties with respect to the subject matter contained herein and therein. This Agreement <u>supersedes all prior agreements and understandings</u> between the Parties with respect to such subject matter.

Settlement Agreement, § 35 (emphasis added).

Claimants argued that Respondent's "newly-minted" ambiguity defense is untimely, and prejudicial to Claimants due to the "practical consequences of distorting the balance and scope of witness testimony" on the eve of trial because Claimants did not depose Respondent's witnesses and "did not pursue discovery concerning alleged ambiguity, negotiation history, or subjective intent of the parties." Claimants request that the Arbitrator exclude parol evidence because the parties' intent must be determined from the plain language of the Settlement Agreement.

Respondent filed its Opposition to Claimants' Motion in Limine on January 27, 2026. Respondent argued that "ambiguity" is not an affirmative defense which Respondent was required to plead earlier; rather, the evidence which Claimants seek to exclude directly contradicts Claimants' proffered interpretation of the anti-dilution provision in the Settlement Agreement. Respondent argues that such extrinsic evidence is being offered to explain, rather than contradict, the Agreement's terms, which is consistent with governing Missouri law: "[t]he parol evidence rule ... prohibits the contradiction of integrated contracts. It does not apply to parol testimony that does not contradict the terms of an integrated agreement." *Frontenac Bank v. T.R. Hughes, Inc*., 404 S.W.3d 272, 282 (Mo.App.E.D. 2012). Therefore, it is admissible if the Arbitrator finds, as a matter of law, that the Settlement Agreement ambiguous.

Respondent further argued that under Missouri law, contract ambiguity arises when (i) language is reasonably susceptible to two or more interpretations, (ii) the contract promises something in one point and takes it away in another, or (iii) there is "duplicity, indistinctness or uncertainty" in the language. *STL Riverview Plaza LLC v. Metro. St. Louis Sewer Dist.,* 681 S.W.3d 290, 301 (Mo. App. E.D. 2023).

Respondent stated that the record of this Arbitration

> "demonstrates Claimants are not prejudiced. D2 told Claimants before they filed this arbitration that they disagreed with Claimants' interpretation of the Settlement Agreement and have maintained that position throughout the arbitration. After the initiation of this arbitration, Claimants issued written discovery seeking the extrinsic evidence at issue, and Claimants have even themselves, as recently as last week, designated some of it in their own non-rebuttal trial exhibits."[7]

Respondent requested that Claimants' Motion in Limine to Exclude Parol Evidence by denied.

Finally, on January 30, 2026, Claimants submitted, styled as a Response to Respondent's Pre-Hearing Brief, a request that the Arbitrator "take notice" of (1) previous Arbitrator Reagan's decision(s) in this proceeding including a jurisdictional ruling and a potential effect of the same with respect to a future action in a different venue by Claimants against Respondent, and (2) what Claimants assert is Respondent's "conduct of non-transparency in their dealings with Claimants, including within this [A]rbitration itself."[8]

Respondent has not responded to Claimants' submission of January 30, 2026.

---

[7] Doc. No. 1532254, p. 2.
[8] Doc. No. 1536893.

## *II. Analysis*

### The Parties' Agreed Procedural Order No. 6

The parties agreed, and the Tribunal entered, Procedural Order No. 6[9] that continues to govern this proceeding.

### Claimants' Potential Valuation Opinion Testimony

Respondent's Motion to Strike Claimants' Undisclosed Valuation Expert Opinion asserted that Claimant Mr. Engels' deposition testimony, likely to be presented at the Final Hearing, amounts to expert testimony that was not timely disclosed and therefore prejudices Respondent as it did not have the opportunity to rebut, examine, and/or discover any additional discovery to which Respondent would have been entitled if Claimants had timely disclosed the expert opinion testimony, and therefore should be stricken if offered as such, from the record of the Final Hearing and the evidence considered in rendering an award in this Arbitration.

Claimants response argued that Mr. Engels' testimony is admissible because it is rightly characterized as "lay testimony" relying upon "simple arithmetic" applied to Respondent's own financial documents produced in discovery, and that Mr. Engels' testimony should also be admitted as it would elucidate the financial damages in this dispute.

Neither party submitted or cited Mr. Engels' subject deposition testimony. The Arbitrator reserves the right to make relevant alteration, evidentiary finding(s), and rulings during the Final Hearing that may not be

[9] Doc. No. 1327894.

limited by this Order.

Claimants' argument is presently unavailing: firstly, Mr. Engels' potential testimony appears to rely on his interpretation, selection, and/or judgment regarding pertinence of Respondent's financial information and documents produced in discovery, regardless of how complex the mathematical processes utilized in final calculations regarding financial damages; secondly, any expert opinion that would have been timely and properly disclosed, thus affording Respondent its right to examine and conduct discovery, would have also been based upon the financial documents produced in this Arbitration.

Claimant Mr. Engels, who has been an active part of this proceeding throughout, could have been timely disclosed, as Claimants disclosed Mr. Kaplan as their financial expert. Claimants chose to not timely disclose Mr. Engels, and chose not to seek an(other) extension of the expert disclosures deadline to additionally name Mr. Engels.[10] Further, Respondent conducted Mr. Engels' January 7, 2026 deposition as a fact witness in this Arbitration, not an expert witness offering an opinion on financial damages analysis.

Respondent's Motion to Strike Valuation Expert Opinion now proffered by Claimant Mr. Engels should be granted.

## Exclusion of Parol Evidence

Claimants move, in limine, to exclude evidence of the parties' negotiations and/or discussions leading up to the disputed Settlement Agreement as extrinsic to the Settlement Agreement and inadmissible during

[10] *See* Doc. No. 1496129, Order issued December 23, 2025; Claimants moved to disclose an additional expert (other than Mr. Engels) after the governing expert disclosure deadline had passed, and it was denied.

the Final Hearing.

Respondent states that some of the evidence and/or documents at issue is part of Claimants' own non-rebuttal trial exhibit list, and that such evidence in this Arbitration is the result of Claimants expressly seeking that [extrinsic] evidence in their discovery requests to Respondent, which Respondent produced.

Claimants cannot have it both ways, but certainly retain the right to present rebuttal evidence. The Arbitrator reserves the right to rule on admissibility of non-rebuttal *and* rebuttal evidence presented at the Final Hearing. Claimants' Motion in Limine to Exclude Parol Evidence should be denied.

**Claimants' Response to Respondent's Pre-Hearing Brief**

On January 30, 2026, one week prior to the commencement of the Final Hearing, Claimants filed a motion seeking judicial notice on at least two issues by another name. The submission, whatever it may be on its merits, is unauthorized by the parties' agreed Procedural Order, and filed without seeking and receiving leave to file the same. Claimants' submission, Document No. 1536893, should be stricken from the record.

---

## *III. Conclusions and* ***ORDER***

---

Upon consideration of the relevant facts, arguments, and pursuant to the agreed Procedural Order No. 6, the Arbitrator finds as follows:

(i) Respondent's Motion to Strike Valuation is ***GRANTED***;

(ii) Claimant's Motion in Limine to Exclude Parol Evidence is ***DENIED;*** and

(iii) Claimant's Response to Respondent's Pre-Hearing Brief is ***STRICKEN***.

Pursuant to the foregoing findings and conclusions, the parties' Final Hearing shall take place as scheduled, February 9-12, 2026.

***SO ORDERED.***

Dated: February 4, 2026

*/s/: Ronnie L. White*
Hon. Ronnie L. White (Ret.)
JAMS Arbitrator